UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JULIAN ANDERSON-MARTIN,

    Plaintiff,

    v.

CHATHOLIC CHARITIES,

    Defendant.

Case No. 3:23-CV-592-GSL-MGG

## OPINION AND ORDER

This case is before the Court on Defendant's Motion to Dismiss [DE 12]. Plaintiff brought suit against Defendant, alleging that the organization, his former employer, had discriminated against him in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000(e) to 2000(e)(17), and the Americans with Disabilities Act of 1900 ("ADA"), 42 U.S.C §§ 12112 to 12117. He also alleged retaliation and a hostile work environment. For the reasons below, the Court GRANTS Defendant's Motion to Dismiss [DE 12].

## BACKGROUND

On July 28, 2022, Plaintiff filed his charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), therein alleging discrimination on the basis of disability, national origin, retaliation and sex in violation of Title VII and the ADA, Charge No.: 24M-2022-00128. [DE 13-1]. The EEOC investigated the Plaintiff's claims, and on March 23, 2023, issued its Notice of Right to Sue. [DE 13-2]. Plaintiff filed his complaint on June 26, 2023. [DE 1]. In response, Defendant filed their Motion to Dismiss on August 21, 2023. Defendant argues that Plaintiff's claims must be dismissed since they were filed more than 90-

days after he received his Notice to Sue. [DE 12; DE 13; DE 25]. Plaintiff argues that his complaint was timely filed. [DE 24; DE 26].

## LEGAL STANDARD

Under Title VII and the ADA, a plaintiff must file suit within 90-days from the date the EEOC gives notice of the right to sue. 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1). The Seventh Circuit has determined that this 90-day period begins to run when the claimant receives actual notice of the right to sue. *Houston v. Sidley & Austin*, 185 F.3d 837, 838-839 (7th Cir. 1999). Further, the Seventh Circuit has clarified that receiving the notice via email, without opening or reading that notice, is sufficient to trigger the beginning of the filing period. *Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021).

## DISCUSSION

In Plaintiff's Employment Discrimination Complaint, he specified that the date on his Notice of Right to Sue letter was "3-23-2023," but that the date he received the Notice of Right to Sue letter was "3-26-2023." [DE 1]. Plaintiff, however, in his Motion for Releif [sic] from Judgment, asserted that he forwarded the Notice of Right to Sue to Defendant on March 23, 2023. [DE 11, page 2]. If Plaintiff was able to forward the Notice of Right to Sue on March 23, 2023, to Defendant, that means Plaintiff had already received his Notice of Right to Sue on March 23, 2023.  Moreover, *Houston* and *Lax* both instruct that it is the date the notice is received, not the date the notice is read, that controls the 90-day filing period. *Houston v. Sidley & Austin*, 185 F.3d 837, 838-839 (7th Cir. 1999); *Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021). As a result, Plaintiff's 90-day filing period would have begun on March 23, 2023.

Plaintiff had 90-days from March 23, 2023, to file suit against Defendant, which would have been on June 21, 2023. Plaintiff filed his complaint on June 26, 2023. [DE 1, page 3]. As a

result, Plaintiff's claims are time-barred, and Defendant's Motion to Dismiss must be GRANTED.

## **CONCLUSION**

For the above reasons, Defendant's Motion to Dismiss [DE 12] is GRANTED.

SO ORDERED.

ENTERED: May 29, 2024

                                              /s/ GRETCHEN S. LUND
                                              Judge
                                              United States District Court