UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JULIAN ANDERSON-MARTIN, | |
| Plaintiff, | |
| v. | Case No. 3:23-CV-592-GSL-MGG |
| CHATHOLIC CHARITIES, | |
| Defendant. | |

**OPINION AND ORDER**

Plaintiff has filed a "Motion for Court Appointment of Counsel" [DE 33] that appears to be a request for the Court appoint counsel to represent Plaintiff, who remains free to retain an attorney at any stage of these proceedings. It was well-established that "there is no constitutional or statutory right to court-appointed counsel in federal civil litigation . . ." *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). In some circumstances, under 28 U.S.C. § 1915(e)(1), a court may request an attorney to represent a person who is unable to afford counsel in a civil case, but "appointment" of counsel rests in the discretion of the district courts, *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc), "unless denial would result in fundamental unfairness impinging on due process rights." *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967); see also *McNeil v. Lowney,* 831 F.2d 1368, 1371 (7th Cir. 1987). "The general rule is that due process requires the provision of counsel to indigent litigants 'only where the litigant may lose his physical liberty if he loses the litigation.'" *Pruitt*, 503 F.3d at 657 (quoting Lass*iter v. Dep't of Soc. Servs. of Durham County*, 452 U.S. 18, 25 (1981)).

Under the standard enunciated in *Pruitt*, when considering a request for counsel by a civil litigant, the district court is to make the following inquiries: (1) whether the indigent litigant

made a reasonable attempt to retain counsel or has been effectively precluded from doing so; and if so, (2) given the difficulty of the case, whether the litigant appears competent to litigate the matter himself. *Bracey v. Grondin*, 712 F.3d 1012, 1016 (7th Cir. 2013) ("To qualify [for appointment of counsel], the indigent litigant must make reasonable efforts at finding counsel himself. If the litigant comes up short, then the district court must decide whether 'given the difficulty of the case,' the plaintiff is 'competent to try it himself.'") (quoting *Pruitt*, 503 F.3d at 654); see also *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel . . ., the court should deny any [such requests] outright."); *Castor v. United States*, 883 F. Supp. 344, 346 (S.D. Ind. 1995).

In the instant Motion, Plaintiff does not indicate he has approached attorneys to attempt and retain counsel on his own. His claim is for wrongful termination, the details of which are within his knowledge. The case does not, at this stage, appear to involve an unusually complex set of facts or intricate legal issues. Plaintiff is familiar with the central facts of the case, which come from his own personal experience. Nothing in the record suggests that the legal issues raised in the Complaint or the evidence that may support Plaintiff's claims are so complicated as to require complex discovery or expert testimony to resolve. Although Plaintiff would prefer to proceed with the assistance of counsel, the question is not whether an attorney could present his case more effectively; if it were, the Court would be required to appoint counsel in every pro se case. *Pruitt*, 503 F.3d at 655. Accordingly, the Court hereby DENIES without prejudice the "Motion for Court Appointment of Counsel" [DE 33].

SO ORDERED.

ENTERED: August 19, 2024

                                                /s/ GRETCHEN S. LUND
                                                Judge
                                                United States District Court